UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEONARD ELLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-00351 ) ) JUDGE RICHARDSON |
| F/N/U HARRELL, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Leonard Ellis, an inmate of the Rutherford County Jail ("RCJ"), filed a pro se Complaint under 42 U.S.C. § 1983 against the RCJ, Rutherford County Sheriff's Office ("RCSO"), and Officer Harrell. (Doc. No. 1.) The Complaint alleges that Officer Harrell unnecessarily "sprayed" Plaintiff through the door of his cell after they "had words." *Id*. Plaintiff also submitted an in forma pauperis application. Because Plaintiff demonstrates that he does not have sufficient funds to pay the full filing fee in advance, the application (Doc. No. 2) is **GRANTED**, and a $350 filing fee is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id*. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full. *Id*. § 1915(b)(3). The Clerk of Court **SHALL** send a copy of this

Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with the Order.

Under the Prison Litigation Reform Act, the Court must dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court applies the standard for Rule 12(b)(6), *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Complaint in the light most favorable to Plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines whether the allegations "plausibly suggest an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff filed this action under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

As a threshold matter, Plaintiff's claims against the RCJ and RCSO cannot advance, because neither of them is subject to suit under Section 1983. The law is clear that "municipalities

and other local government units [are] to be included among those persons to whom § 1983 applies [and they] therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, "[t]he [Rutherford] County Jail is not a municipality or local governmental unit; instead, it is a building, which is not a suable entity within the meaning of 42 U.S.C. § 1983." *Russo v. Bedford Cnty. Sheriff's Dep't*, No. 4:14-CV-75-HSM-SKL, 2015 WL 5020999, at *2 (E.D. Tenn. Aug. 21, 2015) (citing *Monell*, 436 U.S. at 688-90 and n. 55); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at*2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983" (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991))); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Accordingly, RCJ is **DISMISSED** as a Defendant.

Similarly, "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro. Gov't*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases); *accord Campbell v. Cheatham Cnty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 824-25 & n.12 (M.D. Tenn. 2021) (dismissing § 1983 claim and noting that sheriff's departments "are not proper parties to a § 1983 suit"), *aff'd*, 47 F.4th 468 (6th Cir. 2022). The RCSO is therefore **DISMISSED** as a Defendant.

When a plaintiff erroneously sues a non-juridical police department, the error can sometimes be fixed by suing (via a procedurally appropriate amendment to the complaint) the city or county that operates the department. *Lopez v. Foerster*, No. 20-2258, 2022 WL 910575, at *6

(6th Cir. Mar. 29, 2022) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). A county government may be responsible under Section 1983, but only if one or more of its employees (or other agents) cause injury by carrying out the county's formal policies or practices. *Monell*, 436 U.S. at 694. Thus, a plaintiff must specify the county policy or custom that he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010); *see also Bright v. Gallia Cnty., Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a constitutional deprivation [ ] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision-making channels." (internal quotation marks omitted)).

In an abundance of caution, the Court will exercise its discretion and allow Plaintiff to submit an Amended Complaint that asserts a claim against Rutherford County. Because Plaintiff is being afforded an opportunity to amend, the Court will reserve decision on whether he has stated a colorable excessive-force claim against Officer Harrell. Plaintiff may also use this opportunity to supplement his Fourth Amendment claim against Officer Harrell to provide more detail regarding the alleged incident and any resulting injuries.[1] The Court **MUST** receive the Amended Complaint within **30 DAYS** of the date this Order is entered on the docket. If Plaintiff does not submit an Amended Complaint, the Court will proceed to initial review of his existing claim

---

[1] As a general proposition, the Fourth Amendment protects all citizens from the use of excessive force—deadly or not—by law enforcement officers in the course of an arrest. *Graham v. Connor*, 490 U.S. 386, 395 (1989). A plaintiff must allege that an officer's use of force was objectively unreasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id*. at 397. The bottom-line inquiry is "whether the totality of the circumstances justifies a particular level of force." *Coffey v. Carroll*, 933 F.3d 577, 588 (6th Cir. 2019) (citing *Mitchell v. Schlabach*, 864 F.3d 416, 421 (6th Cir. 2017)).

against Officer Harrell. The Clerk **SHALL** mail Plaintiff a blank Complaint for Violation of Civil Rights (Prisoner) (Pro Se 14).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE