UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEONARD ELLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-00351 ) ) JUDGE RICHARDSON |
| F/N/U HARRELL, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Leonard Ellis, a civilly-committed detainee at the Rutherford County Jail ("RCJ"), filed a pro se Complaint under 42 U.S.C. § 1983 against the RCJ, the Rutherford County Sheriff's Office ("RCSO"), and Officer Harrell. (Doc. No. 1.) The Court conducted an initial review and determined that the claims against RCJ and RCSO must be dismissed because those entities are not subject to suit under Section 1983. (Doc. No. 6.) However, the Court exercised its discretion to allow Plaintiff to submit an Amended Complaint that asserts a claim against Rutherford County. Id. In response, Plaintiff has submitted an Amended Complaint against Officer Harrell, Rutherford County, the City of Murfreesboro, and CIGNA. (Doc. No. 8.) The Court now conducts an initial review of the Amended Complaint.[1]

Section 1983 authorizes a federal action against any person who, "under color of state law,

---

[1] As the Court has previously explained, the Court must dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court applies the standard for Rule 12(b)(6), *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Complaint in the light most favorable to Plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines if the allegations "plausibly suggest an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

As an initial matter, the Amended Complaint contains no allegations regarding Defendant CIGNA. Because CIGNA is not alleged to have been somehow involved in Plaintiff's injury, it must be dismissed from this action. *Green v. Correct Care Sols.*, No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases) ("It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Where a [defendant] is named . . . without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints.").

Turning to the City of Murfreesboro and Rutherford County, a municipal government may be responsible under Section 1983 only when its employees cause injury by carrying out the municipality's formal policies or practices. *Monell*, 436 U.S. at 694. Thus, to sue a municipality under Section 1983, a plaintiff must specify the policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010); *see also Bright v. Gallia Cnty., Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a constitutional deprivation [ ] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision-making channels.") (internal quotations omitted). Here, the Amended Complaint is bereft of allegations concerning the City or

County. (*See* Doc. Nos. 7, 7-1.) Thus, Plaintiff fails to allege that any City or County policy or custom caused his injury. Plaintiff's claims against the City of Murfreesboro and Rutherford County must therefore be dismissed.

That leaves Officer Harrell. "To prevail on an excessive force claim, a pretrial detainee must show 'that the force purposely or knowingly used against him was objectively unreasonable.'" *Cretacci v. Call*, 988 F.3d 860, 869 (6th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). Whether force used is objectively unreasonable "turns on the 'facts and circumstances of each particular case'" as viewed "from the perspective of a reasonable officer on the scene, including what the officer knew at the time." *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Here, the Amended Complaint alleges that Plaintiff was seeking an explanation from Officer Harrell regarding Plaintiff's placement in segregation. (Doc. No. 7-1.) Because Harrell couldn't tell Plaintiff why he was in segregation, Plaintiff asked to speak with a supervisor and refused to close the "feeding flap" on his cell door. *Id*. Harrell then assaulted Plaintiff with pepper spray through the open feeding flap, causing Plaintiff injury. *Id*. Because Plaintiff alleges that he posed no risk to Harrell and that Harrell gratuitously used pepper spray on him, Plaintiff has adequately alleged that Harrell used objectively unreasonable force. *See, e.g., Grawey v. Drury*, 567 F.3d 302, 314 (6th Cir. 2009) (holding officers' use of pepper spray unreasonable when arrestee gave no indication of resistance); *Greene v. Barber*, 310 F.3d 889, 898 (6th Cir. 2002) (same, where arrestee threatened no one's safety); *Atkins v. Township of Flint*, 94 F. App'x 342, 349 (6th Cir. 2004) (same, where officers sprayed arrestee twice but did not warn him that they would use pepper spray). Accordingly, Plaintiff's excessive force claim may proceed for further development.

In conclusion, the Amended Complaint states a nonfrivolous excessive-force claim against Defendant Harrell. All other Defendants are **DISMISSED**. The Court's determination that the Amended Complaint states a colorable claim against Defendant Harrell for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendant Harrell from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12. The Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for Defendant Harrell. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE