IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEONARD ELLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:24-cv-00351 ) ) JUDGE RICHARDSON |
| F/N/U HARRELL | ) ) |
| Defendant. | ) ) ) |

## ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 21, "R&R") of the Magistrate Judge, which recommends that the Court dismiss this case without prejudice and that Defendant Harrell's "Motion for Sanctions and Dismissal with Prejudice" (Doc. No. 19, "Motion") be denied as moot. Neither party has filed objections to the R&R and the time do so has now passed. Upon consideration of the R&R and other relevant filings and information reflected on the docket,[2] and for the reasons stated below, the Court adopts the recommendations of the Magistrate Judge in the R&R and dismisses this matter without prejudice and denies Defendant's Motion.

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference.

> This is action was filed in the United States District Court for the Middle District of Tennessee on March 28, 2024. Docket No. 1. An Amended Complaint was filed in this matter on April 30, 2024. Docket No. 7. The Court allowed

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Those other relevant filings include the Complaint (Doc. No. 1), the Amended Complaint (Doc. No. 7) and an earlier order from this Court dismissing claims against other defendants in this matter. (Doc. No. 9).

> Plaintiff's claim for excessive force against Defendant Harrell on Initial Review and the claims against all other Defendants were dismissed. Docket No. 9. The Court entered a scheduling order on October 2, 2024. Docket No. 16. The Parties were advised to "keep both the Court and the opposing parties or their counsel informed of their current address." *Id*. The order further provided that a party's failure to keep the Court informed of his current address may result in a recommendation that his action be dismissed for failure to prosecute and for failure to comply with the Court's order. *Id.*
>
> In his motion to dismiss, the Defendant contends that the Plaintiff's failure to update his current address and failure to comply with the Court's order and Local Rules of Court indicate the Plaintiff has no desire to prosecute this matter. Docket No. 19. They further argue that dismissal for failure to prosecute this action is an appropriate remedy under the circumstances of this case. *Id.*
>
> The Defendant filed the instant motion to dismiss on November 4, 2024. Docket No. 19. Under Local Rule 7.01 (a)(3) and the scheduling order in this matter (Docket No. 16) the Plaintiff's response to the motion to dismiss was due by November 18, 2024. After the Plaintiff failed to respond to the motion, the Court entered an Order on November 27, 2024, for the Plaintiff to show cause by December 13, 2024, why his claims should not be dismissed for failure to prosecute. Docket No. 20. Plaintiff was again forewarned that his failure to respond to the Court's Order may lead to a recommendation that his claims be dismissed. Id. Plaintiff has not responded to the motion to dismiss or the Court's show cause order. Further, the copy of the Court's Order mailed to Plaintiff at his previously provided address was returned as ""Unable to Forward" Docket No. 18. The Court has received no communication from the Plaintiff since he provided his address on May 21, 2024. It appears that he has likewise not maintained contact with counsel for the Defendant. Docket No. 19-2.

R&R at 2.[3] The Magistrate Judge concluded that Plaintiff's claims against Defendant should be dismissed. *Id.* at 1. Specifically, the Magistrate Judge concluded that the Court should dismiss Plaintiff's claims against Defendant without prejudice, as opposed to dismissal with prejudice, which was the relief sought by Defendant via the Motion, under Federal Rule of Civil Procedure

---

[3] As indicated below, the Court need not, and does not, substantively review the soundness of the Magistrate Judge's conclusions in the R&R (though they strike the Court as perfectly sound). Instead, the Court adopts those conclusions simply because no objection to them has been lodged. This may beg the question of why the Court has bothered to include this quote from the R&R. The answer is that it recites (unobjected-to) facts that explain why, as noted in a footnote below, Plaintiff is not entitled to relief from the now-expired deadline to objection to the R&R based on a potential assertion that he did not receive actual notice of the R&R.

41(b), based on Plaintiff's failure to prosecute and for failure to comply with this Court's Order. (Doc. No. 20).

Neither party has filed objections to the R&R, and the time to file objections with the Court has passed. Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the report and recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff here, the Court is willing to extend this fourteen-day deadline by three days to allow time for filings to be transported by mail.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context*." Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter.[4] *Frias*; *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 21) is adopted and approved. Accordingly, this matter is DISMISSED WITHOUT PREJUDICE, and Defendant's "Motion for Sanctions and Dismissal with Prejudice" (Doc. No. 19) is DENIED AS MOOT.

Accordingly, the Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

4 The R&R was mailed by the Clerk's Office to Plaintiff, who is proceeding *pro se*. On January 14, 2025, the mailing was returned to the Clerk's Office with the Post Office's notation, "Return to Sender, Vacant, Unable to Forward." (Doc. No. 22). This actually comes as no surprise, given that part of the basis of the Magistrate Judge's recommendation to dismiss pursuant to Rule 41(b) is Plaintiff's failure to keep the Court informed of a good mailing address, as was clearly necessary here given that a prior mailing from the Clerk to Plaintiff's address of record was returned as undeliverable for the same reason. (Doc. No. 18). The Court realizes that Plaintiff did not receive a copy of the R&R from the Court, and thus would not have known of the deadline to respond to it (unless he somehow received actual notice in some other way). But as just indicated, this falls at the feet of Plaintiff; he did not receive a copy of the R&R from the Clerk's Office for one of the exact reasons the R&R recommends dismissal of this action. Under these circumstances, Plaintiff is not entitled to relief from the 14-day deadline based on a lack of actual notice of the R&R.